GEORGE W. HOPKINS, Defendant in Error, *v.* GEORGE FECHTER Plaintiff in Error.

1. *Practice, civil — Equitable offset — Mortgage — Surety — Injunction, etc.*— In a suit on a note or account, an answer alleging that plaintiff is insolvent, and that defendant is liable, as plaintiff's surety, upon an over-due promissory note to a third party; that a suit had been commenced to foreclose a mortgage given by plaintiff to secure the note, and that the mortgaged property, in the opinion of defendant, will prove insufficient to pay the note in full, discloses no existing claim in favor of the defendant against the plaintiff, either legal or equitable, nor does it show any ground for enjoining the suit.

*Error to First District Court.*

This was an action upon a note and upon two accounts.

*McCord*, and *Ewing & Smith*, for plaintiff in error.

The court erred in striking out the defendant's answer. The only question in the case is the right of the defendant in equity to make this defense. We hold that it is his only remedy, and that it is authorized by law. (Field v. Oliver, 43 Mo. 200 ; 2 Sto. Eq. Jur., § 1436 *et seq.;* Collins v. Farquhar, 4 Litt. 154 ; Jones v. Waggoner's Adm'r, 7 J. J. Marsh. 144 ; Clark v. Cort, Craig & Phil. 153 ; Pond v. Smith, 4 Conn. 302 ; 2 Paige, 581 ; 7 Monr. 455 ; 3 Binn. 135 ; 2 Burr. 825 ; 3 Johns. Ch. 574 ; 11 Verm. 96 ; 6 Paige, 118 ; 6 Conn. 16.)

*E. L. King & Bro.*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

The defendant, in his answer, admits his indebtedness to the plaintiff according to the allegations of the petition, but avers that the plaintiff is insolvent, and that the defendant is liable, as the plaintiff's surety, upon an over-due promissory note to a third party ; that a suit has been commenced to foreclose a mortgage given by the plaintiff to secure the note, and that the mortgaged property, in the opinion of the defendant, will prove insufficient to pay said note in full. The defendant therefore prays that the present suit be enjoined until it shall be ascertained by the results of the foreclosure suit whether any balance will remain upon said note after applying the proceeds of the mortgaged property, which the defendant may hereafter be called upon to pay.

Numerous authorities have been cited by the defendant's counsel which affirm the doctrine of equitable offsets. But this is not a case of that character. The answer discloses no existing claim in favor of the defendant against the plaintiff, either legal or equitable, nor does it disclose grounds for an injunction.

The judgment in favor of the plaintiff was for the right party and will be affirmed. The other judges concur.